# IN THE OREGON TAX COURT

## ASSOCIATION OF UNIT OWNERS /
## SEVENTH MOUNTAIN SALES CORPORATION

*v.*

## DEPARTMENT OF REVENUE

(TC 2994)

J. David Bennett, Copeland, Landye, Bennett and Wolf, Portland, represented plaintiffs.

Joseph A. Laronge, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Plaintiffs' Motion For Partial Summary Judgment denied May 7, 1991.

### CARL N. BYERS, Judge.

This matter is before the court on Plaintiffs' Motion For Partial Summary Judgment. The motion was made to resolve a dispute concerning the application of ORS 100.555.

The subject property consists of 231 condominium units and other resort facilities located on 75 acres of leased land. The term of the lease, which began in 1970, is for 65 years with an additional 34-year renewal. In assessing the

subject property, the assessor determined a value for each condominium unit. To that value he added a proportionate share of the value of the lessee's remainder interest in the land. Plaintiffs claim this results in double taxation of the land.

The clash between the parties is over valuation methods rather than assessment procedures. The assessment procedures are set forth in the statutes. ORS 100.555(1) provides:

"Each unit with its allocation of undivided interest in the common elements shall be considered a parcel of real property, whether leased or in fee simple, subject to separate assessment and taxation by any taxing unit in like manner as other parcels of real property. A unit based upon a declaration filed by the owner of a leasehold estate shall be assessed in the name of the unit owner and not in the name of the owner of the fee or of the leasehold estate upon which the declaration is based. Neither the building, the property nor any of the common elements shall be considered a separate parcel for purposes of taxation."

This subsection makes it clear the condominium unit is the assessable unit of property for taxation. It also directs that units located on leasehold estates be assessed to the owner as if the property were owned in fee simple. This direction promotes administrative convenience. It will result in fewer tax accounts and promote uniformity among condominium units. It also avoids the need to allocate value between the present leasehold interest and the remainder interest.

ORS 100.555(2) provides:

"In determining the true cash value of a unit with its undivided interest in the common elements, the county assessor may use the allocation of undivided interest in the common elements appertaining to a unit as expressed in the declaration. *Determination of true cash value of a unit based upon a leasehold estate shall be the same as a unit in fee simple.* There shall be no diminution of value by reason of the term of said lease." (Emphasis added.)

This subsection allows the assessor to rely upon the condominium declaration in allocating the undivided interest to the units. The emphasized language appears to be the

source of the dispute between the parties. Plaintiffs claim the assessor is double taxing the land by adding the value of the remainder interest to the value of the units. Plaintiffs see this as violating the statute because it separately values the various interests. Plaintiffs contend that adding the value of the remainder interest to the leasehold interest is *not* treating the property the same as if it were owned in fee simple.

Defendant claims the assessor must separately add the value of the remainder interest; otherwise the value of the unit captures only the value of the leasehold. If the method of valuation does not take into account the value of the remainder, the assessed value will not represent a "fee" interest.

The issue framed by the parties addresses the methods used to assess property.[1] The statute directs that "determination of true cash value of a unit" located on leased land should "be the same" as the value of a unit in fee simple. Did the legislature intend by this to limit the appraisal methods used by the assessor?

■ The legislative history is of no help in answering the question. The concern of the legislature in adopting the statute was to permit leasehold condominium owners to deduct property taxes on their income tax returns. Unless the unit owner is assessed as if he owned the fee, he would not be entitled to deduct the property tax on his income tax return. Treas Reg § 1.164-1(a).

■ Nothing in the legislative history reflects an intent to limit the appraisal methods to be used. Rather the plain language of the statute appears intended to achieve the result reached by the court in *Swan Lake Mldg. Co. v. Dept. of Rev.*, 257 Or 622, 478 P2d 393 (1970), *reh'g denied* 480 P2d 713 (1971). Such result ignores any splintering of interests and treats the property as a whole, arriving at a single value. Thus, the focus of the statute is the assessment result and not the method by which it is reached.

It is unlikely the legislature intended to require use of the same appraisal methods for leased and fee simple interests. Different types of ownership can involve different

---

[1] If the assessor had used comparable sales of units owned in fee simple to value the subject units, this issue would not arise.

data. The forms or kinds of data may require different appraisal approaches. If the same approaches are used to value different forms of ownership, the appraiser may reach erroneous conclusions. If the market reflects the differences in ownership, the appraiser's approaches may have to take into account those differences.

In this case, the court must deny Plaintiffs' Motion For Partial Summary Judgment. The court does not believe ORS 100.555 prohibits the assessor from using methods which separately value the different property interests. The test is whether the final result represents the true cash value for a condominium unit owned in fee simple. By this ruling, the court is not determining that the values arrived at by the assessor's method are correct. That is a question which can be dealt with only in trial and not by a motion for partial summary judgment. Now, therefore,

IT IS ORDERED that Plaintiffs' Motion For Partial Summary Judgment is denied.